865 F.2d 259
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Norval Ronald MOSS, Plaintiff-Appellant,
v.
Ed ARBOGAST, Warden, C.C.W.C.; Lee Miller, Assoc. Warden;
Jerome Smith, Captain; Larry Winters, Facility Manager;
Doug Oliver, Corr. Officer 1; Billy Joe Potter, Chairman of
Disciplinary Board; Lynn Markland, Data Entry Operator;
Barbara Livingston, Records Clerk; Dwight Lacey,
Defendants-Appellees.
 No. 88-5623.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1988.
 
 1
 Before KEITH and KRUPANSKY, Circuit Judges and LAWRENCE P. ZATKOFF, District Judge.*
 
 ORDER
 
 2
 Norval Ronald Moss appeals from the district court's judgment sua sponte dismissing his cause of action filed pursuant to 42 U.S.C. Sec. 1983. Moss has filed motions with this court for relief from retaliatory conduct and injunctive relief. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking compensatory and punitive damages as well as a variety of protective and injunctive measures, Moss brought suit against the warden, associate warden, captain, facility manager, a correctional officer, members of the disciplinary board and the registered nurse of the Carter County Work Camp, Roan Mountain, Tennessee. Moss claimed a deprivation of due process by a prison disciplinary proceeding. The district court, in light of timely objections, approved and adopted the magistrate's report and recommendation of April 26, 1988, and sua sponte dismissed the cause of action.
 
 
 4
 On appeal, Moss reasserts that he was denied due process of law by a prison disciplinary board hearing and by an alleged breach of an agreement between the disciplinary board and himself.
 
 
 5
 The district court dismissed the action because plaintiff's allegations of being deprived of due process were vague and conclusory and not capable of sustaining a Sec. 1983 action. Upon review, we find no error in the district court's judgment. See Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987). Additionally, we find no error in the district court's judgment pertaining to Moss' allegation that he was deprived of a constitutional protection by the alleged breach of an agreement between him and the prison's disciplinary board.
 
 
 6
 Accordingly, for the reasons set out in the magistrate's report and recommendation as adopted by the district court by order entered May 31, 1988, we hereby affirm the judgment of the district court pursuant to Rule 9(b)(5), Rules of the Sixth Circuit. Furthermore, Moss's motion to grant relief from retaliation and his motion for injunctive relief or a restraining order are hereby denied.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, U.S. District Judge for the Eastern District of Michigan, sitting by designation